UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10271-RWZ

SPARKLE HILL, INC., and WILLIAM WARMING,
individually and as the representatives of a class of similarly situated persons

v.

INTERSTATE MAT CORPORATION

MEMORANDUM AND ORDER

December 18, 2012

ZOBEL, D.J.

Plaintiffs Sparkle Hill, Inc. and William Warming allege that defendant Interstate Mat Corporation sent them and a class of other individuals unsolicited fax advertisements in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. They now seek to certify the following plaintiff class: "All persons who were successfully sent a facsimile from Interstate Mat Corp. of Easton, MA in May 2006 offering 'Antifatigue Floor Mats.'" Docket # 20.

## I. Background

Defendant Interstate Mat Corporation is a Massachusetts corporation that sells mats. In 2006, defendant was contacted by a fax advertising business called Business to Business Solutions ("B2B"). B2B offered to advertise defendant by fax to thousands of potential customers. Defendant responded to B2B's offer, and the two entities drafted a fax advertisement for B2B to send. Defendant paid B2B to send the fax

advertisement to 10,000 recipients; in fact, B2B made 8,416 successful transmissions. Those transmissions were sent in three batches in May 2006. On May 3, B2B successfully sent defendant's advertisement to 3,002 unique fax numbers; on May 4, it reached 3,774 more; and on May 5, it reached 1,640 more, for a total of 8,416. B2B sent the faxes to numbers it selected from a general business database it had purchased from a third party. Defendant was not involved in selecting the numbers, and neither B2B nor defendant sought prior permission from the fax recipients or determined whether the recipients had an existing business relationship with defendant.

Plaintiffs received one of defendant's fax advertisements. They now seek to certify a class including all similar recipients.

## II. Legal Standard

Federal Rule of Civil Procedure 23 governs class certification. The district court may only certify a class after a "rigorous analysis of the prerequisites established by Rule 23." Smilow v. Sw. Bell Mobile Tel. Sys., 323 F.3d 32, 38 (1st Cir. 2003); see also Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). Under Rule 23(a), a party seeking class certification must show that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four requirements are known as numerosity, commonality,

typicality, and adequacy of representation. See Smilow, 323 F.3d at 38.

In addition, the party seeking certification must show that one of the requirements of Rule 23(b) is met. Plaintiffs seek to proceed under Rule 23(b)(3), which allows a class action if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

## III. Analysis

### A. Rule 23(a)

Defendant does not dispute that all of the requirements of Rule 23(a) are met. Nevertheless, the court must independently determine that these requirements are met to ensure that class certification is proper.

#### 1. Numerosity

Numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). That requirement does not set a specific numerical threshold, but classes of forty or more are generally considered numerous. Connor B. ex rel. Vigurs v. Patrick, 272 F.R.D. 288, 292 (D. Mass 2011). Here, plaintiffs have submitted evidence that defendant's fax was sent to 8,416 unique fax numbers in May 2006, which implies a plaintiff class of approximately that number. Joinder of so many class members is not feasible, and so Rule 23(a)(1) is satisfied.

#### 2. Commonality

Commonality requires "questions of law or fact common to the class." Fed. R.

Civ. P. 23(a)(2). Plaintiffs must "demonstrate that the class members 'have suffered the same injury.'" Wal-Mart, 131 S. Ct. at 2551 (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 157 (1982)). That requires at least one common contention capable of classwide resolution, such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. Here, plaintiffs have alleged that each member of the class suffered the same injury in receiving an unwanted fax advertisement from defendant in one of three mass transmissions. Plaintiffs have pointed to several common contentions dispositive of all the class members' claims, including whether defendant's fax was an "advertisement" under the TCPA and whether defendant's acts were willful or knowing. Rule 23(a)(2) is therefore satisfied.

**3. Typicality**

Typicality is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The claims of the entire class need not be identical, but the class representatives must generally 'possess the same interests and suffer the same injury' as the unnamed class members." Connor B., 272 F.R.D. at 296 (quoting Falcon, 457 U.S. at 156). In this case, plaintiffs allege that they were sent the same fax as the other class members and suffered the same injury. The named plaintiffs' claims are apparently typical of the class and meet Rule 23(a)(3).

**4. Adequacy of Representation**

Adequacy of representation requires that "the representative parties will fairly

and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This prerequisite has two parts: "(1) the attorneys representing the class must be qualified and competent; and (2) the class representatives must not have interests antagonistic to or in conflict with the unnamed members of the class." Connor B., 272 F.R.D. at 297 (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985)). Regarding the first part, the named plaintiffs have retained competent counsel with years of class action experience. Regarding the second part, the named plaintiffs appear to have no interests antagonistic to the other class members. As both parts of the adequacy of representation test are met, Rule 23(a)(4) is satisfied.

**B. Rule 23(b)(3)**

To certify a class under Rule 23(b)(3), plaintiffs must show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Defendant challenges both the predominance of common questions and the superiority of class action adjudication in this case.

There is a substantial division of authority over whether TCPA claims like plaintiffs' should be brought as class actions. See Local Baking Prods. v. Kosher Bagel Munch, 23 A.3d 469, 474-76 (N.J. Super. Ct. App. Div. 2011) (collecting cases). Unfortunately, there appears to be no precedent from the First Circuit or the District of Massachusetts on point. I conclude for the reasons below that a class action is appropriate in this case.

**C. Predominance**

The predominance inquiry determines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods. v. Windsor, 521 U.S. 591, 623 (1997). Common questions may predominate despite the existence of individual differences, as long as "a sufficient constellation of common issues binds class members together." Waste Mgmt. Holdings v. Mowbray, 208 F.3d 288, 296 (1st Cir. 2000). Determining what issues will predominate requires the court to "formulate some prediction as to how specific issues will play out." Id. at 298.

Defendant argues that the predominant questions are individual: whether each recipient provided express permission to send the fax or had an established business relationship with defendant. The TCPA prohibits sending any unsolicited advertisement, but excludes faxes sent with the recipient's "express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). The TCPA also exempts unsolicited advertisements sent by "a sender with an established business relationship with the recipient." Id. § 227(b)(1)(C)(I). Defendant argues that its liability will depend on the individual resolution of each issue for each recipient.

But on the record now available, the individual issues defendant raises will be minor at best. Plaintiffs have presented evidence that the faxes were sent to numbers culled from a general business database (rather than, say, a list of defendant's customers). That evidence raises a strong inference that the recipients never consented to receipt of defendant's faxes. By contrast, defendant has presented no evidence of express permission from any recipient, and never sought prior permission

from recipients before sending its fax advertisements. Defendant has likewise presented no evidence of an established business relationship with any recipient. Courts in similar cases have generally found that common issues predominate where defendants use fax numbers obtained from an outside source and where there is no evidence of prior permission or business relationships. See, e.g., G.M. Sign, Inc. v. Finish Thompson, Inc., No. 07 C 5953, 2009 WL 2581324 at *6 (N.D. Ill. Aug. 20, 2009); CE Design Ltd. v. Cy's Crabhouse North, 259 F.R.D. 135, 142-43 (N.D. Ill. 2009); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642, 647, 650 (W.D. Wash. 2007). On the present record, then, the common issues in the case predominate.

**D. Superiority**

The superiority inquiry asks whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, defendant points to small claims court as a preferable alternative adjudication method, arguing that it provides a straightforward and efficient process for any class member who has a claim and cares enough to bring it.

Precedent from both federal and state courts is split over whether proceeding by class action in a TCPA case is superior to bringing individual claims. Compare, e.g., Kavu, 246 F.R.D. at 650 (finding class action superior), and Critchfield Physical Therapy v. Taranto Grp., 263 P.3d 767, 779-81 (Kan. 2011) (same), with Local Baking Prods., 23 A.3d at 476-77 (finding class action not superior). Cases favoring individual claims note that the relatively large statutory damage award gives plaintiffs an incentive to seek individual relief without needing a class action; that small claims court provides

individual claimants a straightforward and cost-effective procedure for relief; that it is as easy to prove an individual TCPA claim as to prove membership in a putative class; and that a class action raises large administrative costs and risks settlement in terrorem. Cases favoring class actions point out that few plaintiffs will bother to bring individual suits, making class actions the best avenue for relief; and that if individual plaintiffs insisted on their rights, one class action would be far preferable to thousands of small claims cases.

Though the question is close, I find that a class action is superior to other available methods of adjudication here. If each proposed class member pressed his claim, a single class action would clearly be superior to thousands of individual actions. Defendant responds that few if any individual claimants will actually press their claims.[1] Of course, that undermines defendant's argument that the statutory award is high enough and small claims procedures easy enough to give individual claimants effective relief. But more importantly, the "core purpose" of a class action under Rule 23(b)(3) is "to vindicate the claims of consumers and other groups of people whose individual claims would be too small to warrant litigation." Smilow, 323 F.3d at 41. If the proposed class members would otherwise abandon their claims, then a class action is superior because it provides actual adjudication. Defendant loses either way: if the proposed class members would press their claims, one class action is superior to many individual

---

[1] As the Supreme Court recently noted, the vast majority of TCPA suits brought in federal courts are class actions. See Mims v. Arrow Fin. Servs., 132 S. Ct. 740, 753 (2012).

actions, and if they would not, class action adjudication is superior to no adjudication.[2]

A class action in this case surely risks high administrative costs and the possibility of in terrorem settlement. I do not ignore these dangers. Nevertheless, I conclude that a class action represents the best available mechanism for fairly and efficiently adjudicating the claims of the thousands of potential plaintiffs here. I therefore find the superiority requirement of Rule 23(b)(3) is met.

## IV. Conclusion

Plaintiffs' motion to certify the class (Docket # 20) is ALLOWED as described here. It is ORDERED that the following plaintiff class be, and hereby is, certified:

> All persons who were successfully sent a facsimile from Interstate Mat Corp. of Easton, MA in May 2006 offering "Antifatigue Floor Mats."

It is further ORDERED that plaintiffs Sparkle Hill, Inc., and William Warming are appointed as the representatives of the class. Finally, each attorney seeking to be appointed as counsel for the class shall submit to the court an individual application for appointment by January 11, 2013.

| December 18, 2012 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |

[2] Defendant also argues that a statement by the TCPA's sponsor, Sen. Ernest Hollings, shows Congress intended plaintiffs to bring individual TCPA claims in small claims court. The Supreme Court considered the same legislative history in Mims, 132 S. Ct. at 752, and concluded that Sen. Hollings's statement does not show state courts have exclusive jurisdiction over TCPA claims. I likewise conclude that Sen Hollings's statement does not show state small claims actions are superior to class actions here.