UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10271-RWZ

SPARKLE HILL, INC., AND WILLIAM WARMING,
*individually and as the representatives of a class of similarly situated persons*

v.

INTERSTATE MAT CORPORATION

MEMORANDUM OF DECISION

May 23, 2014

ZOBEL, D.J.

Plaintiffs Sparkle Hill, Inc., and William Warming, individually and on behalf of a class of similarly situated persons, allege that defendant Interstate Mat Corporation committed the tort of conversion and violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when it faxed an unsolicited advertisement for "antifatigue floor mats"[1] to 8,416 persons on the East Coast during a three-day period in May 2006. The parties have cross-moved for summary judgment (Docket ## 37, 39). Because plaintiffs concede that their suit is barred by the statute of limitations, plaintiffs' motion is DENIED and defendant's motion is ALLOWED.

I.  **Background**

Defendant, a Massachusetts corporation with four employees, sells floor mats.

---

[1] "Antifatigue floor mats" are floor mats with extra cushion to prevent users from getting fatigued due to prolonged standing. See Deposition of Victor M. Cucinotta, Docket # 36-1, at 16-17.

Deposition of Victor M. Cucinotta, Docket # 36-1, at 5-6.  In 2006, defendant received a fax advertisement from Business to Business Solutions ("B2B") offering to advertise defendant's products to 10,000 people via fax.  Id. at 8, 18.  Defendant responded to the advertisement, and after consultations, president and owner Victor Cucinotta approved a final advertisement.[2]  Id. at 27.  Defendant paid B2B $496.40 for this service.  Id. at 30.

In May 2006, B2B successfully faxed the advertisement to 8,416 unique numbers.  Expert Report of Robert Biggerstaff, Docket # 36-3, at ¶ 16.  It sent 3,002 successful faxes on May 3, 3,774 successful faxes on May 4, and 1,640 successful faxes on May 5.  Id. ¶¶ 13-15.  B2B obtained the fax numbers by purchasing a list from InfoUSA, a third-party company.  Deposition of Caroline Abraham, Docket # 36-2, at 46-47.  Caroline Abraham, who ran B2B, testified that she believed InfoUSA compiled the list by gathering numbers from the YellowPages.  Id. at 49.  B2B sent the faxes using "HylaFAX," "a computer-based fax broadcasting application."  Biggerstaff Rep. ¶ 10.  B2B never contacted the persons and businesses associated with the numbers on the InfoUSA list to ask their permission to receive the fax.  Abraham Dep. at 311-12.  Defendant never did so, either.  Cucinotta Dep. at 25.  Nor did defendant establish that

---

[2]The advertisement features a cartoon drawing of a couple eating dinner at a restaurant.  The husband says to his wife, "My dear, I'm so tired from being on my feet all day, it's ruining our perfect evening!"  Their waiter, standing beside the table, responds, "Sir, perhaps you should try antifatigue floor mats from Interstate Mat Corp!"  The wife then speculates, "Maybe I should have married the waiter[.]"  The advertisement lists defendant's address, phone number, and website.  It states that "volume discounts" are available and praises several features of the antifatigue floor mats.  Finally, the advertisement contains a phone number that recipients can call if they wish to stop receiving faxes.  See Docket # 1-1.

any of the advertisements went to its pre-existing customers.[3]  Id. at 31-32.

Plaintiff Sparkle Hill, Inc., is a New Jersey corporation.  Deposition of William Warming, Docket # 36-4, at 8.  Plaintiff Warming is its Vice-President and Owner.  Id. at 9.  Sparkle Hill, Inc., owns four separate businesses, which sell dry cleaning services, tuxedo rentals, horse supplies, and embroidery services.  Id. at 16-18. Sparkle Hill received a fax from defendant on May 5, 2006.  Id. at 26.

Plaintiffs, on behalf of themselves and all others similarly situated, filed a two-count class action complaint alleging defendant (1) violated the TCPA; (2) committed the Massachusetts common law tort of conversion because, by sending the faxes, defendant converted fax machines, toner, paper, and time to their own use.  On December 18, 2012 (Docket # 26), I certified a class consisting of "[a]ll persons who were successfully sent a facsimile from Interstate Mat Corp. of Easton, MA in May 2006 offering 'Antifatigue Floor Mats.'"  The parties now cross-move for summary judgment.

## II.    Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If the evidence presented would allow a reasonable jury to return a verdict for the nonmovant, summary judgment must be denied.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the parties cross-move for summary judgment, I apply the same standard to each motion.  See Atl. Fish Spotters

---

[3]The TCPA contains exceptions from liability where (1) a prior business relationship exists between the parties; or (2) the recipient voluntarily communicates its number to the sender or voluntarily agrees to make its number available for public distribution.  47 U.S.C. § 227(b)(1)(C)(i)-(ii).

Ass'n v. Evans, 321 F.3d 220, 224 (1st Cir. 2003).

**III.   Analysis**

I consider the statute of limitations defense before the merits because I find it dispositive of the case.  First, however, I briefly review the applicable law.

**A.   Applicable Law**

**1.   TCPA**

The TCPA provides,

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> . . .
>
>> (C) to use any telephone facsimile machine, computer, or any other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . .

47 U.S.C. § 227(b)(1)(C).  The TCPA allows private individuals to bring

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

Id. § (b)(3)(A)-(C).  To prevail in a TCPA action, plaintiffs must show

> (1) defendant used a telephone facsimile machine, computer or other device to send one or more faxes to plaintiffs' facsimile machines; (2) the faxes sent contained material advertising the commercial availability or quality of any property, goods, or services, and (3) plaintiffs did not give prior express invitation or permission for defendant to send the faxes.

Hinman v. M and M Rental Ctr., Inc., 596 F. Supp. 2d 1152, 1158 (N.D. Ill. 2009).

Plaintiffs seek the $500 statutory penalty for each of the 8,416 successful faxes, or $4,208,000. They also argue that I should treble the damages because defendant "willfully or knowingly" violated the statute. See 47 U.S.C. § 227(b)(3).

### 2. Conversion

Conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Restatement (Second) of Torts § 222A(1); see Third Nat'l Bank of Hampden Cnty. v. Continental Ins. Co., 446 N.E.2d 380, 383 (Mass. 1983).

### B. Statute of Limitations

### 1. TCPA

The TCPA does not contain an express statute of limitations. Defendant contends that the four-year federal "catch-all" statute of limitations applies. See 28 U.S.C. § 1658(a). According to defendant, plaintiffs received the faxes in May 2006 but did not file suit until February 17, 2011, nearly five years later, and their suit is therefore untimely. Plaintiffs do not respond to this argument, and I allow defendant's motion for that reason. Nevertheless, I review the merits of defendant's argument as well.

Section 1658(a) states, "*[e]xcept as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues" (emphasis added). See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) (a claim is

subject to the four-year statute of limitations if it is made possible by a post-1990 enactment).[4]  There is a split of authority about whether § 1658 or, based on the "otherwise provided" language in the statute, state law, provides the applicable statute of limitations in TCPA cases.  See Hawk Valley, Inc. v. Taylor, No. 10-CV-00804, WL 1079965, at *8 n.30 (E.D. Pa. Mar. 30, 2012) (acknowledging split and collecting cases).  Several courts have concluded that the Supreme Court's recent decision in Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012), provides substantial support to the application of § 1658.  E.g., Giovanniello v. ALM Media, LLC, 726 F.3d 106, 115 (2d Cir. 2013); Bridging Cmtys., Inc. v. Top Flite Fin., Inc., No. 09-14971, 2013 WL 185397, at *4 (E.D. Mich. Jan. 17, 2013) (collecting additional cases); Bailey v. Domino's Pizza, LLC, 867 F. Supp. 2d 835, 838 (E.D. La. 2012).  These cases are persuasive, but I need not decide the matter because plaintiffs' TCPA is barred regardless of whether § 1658 or the Massachusetts statute of limitations applies.[5]

Courts have stated that a TCPA cause of action accrues when a plaintiff receives the allegedly unlawful phone or fax advertisement.  See Leyse v. Bank of Am., N.A., 538 F. App'x 156, 160 (3d Cir. 2013); Pasco v. Protus IP Solutions, Inc., 826 F. Supp. 2d 825, 842 (D. Md. 2011).  In Massachusetts, "a cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or reasonably should

---

[4] The TCPA post-dates the passage of § 1658.  See Telephone Consumer Privacy Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394.

[5] The statute of limitations for tort actions in Massachusetts is three years.  Mass. Gen. L. ch. 260 § 2A.  The statute of limitations under chapter 93A, Massachusetts's consumer protection statute, is four years.  Id. § 5A.  Accordingly, plaintiffs gain no benefit by contending that state law provides the applicable statute of limitations.

6

know that she may have been harmed by a defendant's conduct." RTR Techs. v. Helming, 707 F.3d 84, 89 (1st Cir. 2013). Because plaintiffs knew or should have known of the harm when they successfully received the fax, the cause of action accrued at the same time regardless of which statute of limitations applies. Plaintiffs received the fax on May 5, 2006 but did not file the complaint until February 17, 2011. Plaintiffs filed their TCPA claim more than four years after it accrued, and must, therefore, rely on the tolling of the statute of limitations for their claim to survive.

Plaintiffs appear to claim just that. In the complaint, they state, "[o]n February 1, 2010, another class member filed a class action case in state court in Massachusetts tolling the statute of limitations for the class and these Plaintiffs."[6] Compl. ¶ 10. In West Concord 5-10-1.00 Store, Inc. v. Interstate Mat Corp., No. 10-00356-C, 2013 WL 988621, at *1 (Mass. Super. Ct. Mar. 5, 2013), West Concord filed a TCPA class action based on the same 8,416 successful faxes B2B sent on defendant's behalf in this case. On May 22, 2012, West Concord moved to certify a class consisting of "all persons in Massachusetts who were successfully sent a fascimile" from Interstate Mat advertising antifatigue floor mats. Id. The superior court denied the motion on March 5, 2013, for several reasons. First, because the action was the fourth case West Concord had brought—two settled and it abandoned the third—the court expressed concern about West Concord's ability to vigorously represent the class. Id. at *5. Second, it concluded that common questions of fact did not predominate because the court would

---

[6]The state court docket sheet states that the complaint was filed on January 28, 2010, not February 1, 2010. See Docket # 39-1.

have to resolve on an individual basis whether the statutory exceptions applied. Id. Third, it reasoned that a class action was not a superior vehicle for adjudicating plaintiffs' claims because, given the likelihood that a substantial portion of any recovery would be used to pay attorneys' fees and costs, it was doubtful that plaintiffs would receive as much money from the class action as they would if they brought their cases individually. Id. at *7. Finally, the court recognized the great contrast between the potential liability of the defendant, a small business, and the actual harm suffered by potential class members. Id. at *7-*8. The court dismissed the case because without class certification, there was no reasonable probability that plaintiff could recover $25,000 or more. Id. at *9 (citing Mass. Gen. L. ch. 212 §§ 3, 3A).

Does West Concord toll the statute of limitations? In American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974), the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." American Pipe addressed the limitations period for would-be intervenors where class certification had been denied for lack of numerosity. Id. at 552-53. The Court has since extended the tolling rule to would-be class members who seek to file their own actions after class certification is denied. Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983). These holdings are intended to give effect to Federal Rule of Civil Procedure 23 as an efficient vehicle to resolve claims. If the statute of limitations were not tolled in these instances, would-be class members would be compelled to move to intervene or file their own action before

the limitations period expired. That would create "precisely the multiplicity of activity which Rule 23 was designed to avoid." Am. Pipe, 414 U.S. at 551.

The tolling rules, however, do not permit the "stacking of two sequential class actions to keep [plaintiffs'] claims from being untimely." Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir. 1998); see Cleary v. Am. Capital, Ltd., No. 13-12652-RGS, 2014 WL 793984, at *3 (D. Mass. Feb. 28, 2014) (noting that the First Circuit has adopted a "no piggyback" rule regarding sequential class actions). The First Circuit has explained,

> [t]he policies-respect for Rule 23 and considerations of judicial economy-which animated the *Crown, Cork* and *American Pipe* tolling rules dictate that the tolling rules . . . not permit plaintiffs to stretch out limitations periods by bringing successive class actions.
>
> Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely. Permitting such tactics would allow lawyers to file successive putative class actions with the hope of attracting more potential plaintiffs and perpetually tolling the statute of limitations as to all such potential litigants, regardless of how many times a court declines to certify the class. This simply cannot be what the *American Pipe* rule was intended to allow, and we decline to embrace such an extension of that rule.

Basch, 139 F.3d at 11. Here, as in Basch, plaintiffs filed sequential class actions in state and federal court based on the same event. The proposed classes overlap.[7] By

---

[7] To be sure, the overlap is not as full as it was in Basch, where the classes in the successive suits were "nearly identical." Basch, 139 F.3d at 8. Here, the proposed class in the state court suit included only persons in Massachusetts who received the fax, whereas the suit before me pertains to all persons who received the fax. At least two courts have held that "'American Pipe tolling applies to the filing of a new class action where certification was denied in the prior suit based on the lead plaintiffs' deficiencies as class representatives, but that American Pipe tolling does not apply where certification was denied based on deficiencies in the purported class itself.'" Leyse v. Bank of Am., N.A., 538 F. App'x 156, 160 (3d Cir. 2013) (quoting Yang v. Odom, 392 F.3d 97, 99 (3d Cir. 2004)); Sawyer v. Atlas Heating & Sheet Metal Works, Inc., 642 F.3d 560, 564 (7th Cir. 2011). This is because if the named plaintiff in the first suit is not an appropriate class representative, "then there is no basis for binding other members of the putative class, who have yet to receive a judicial decision on the question whether a class is

bringing a second case, plaintiffs seek to do exactly what <u>Basch</u> warned against: hunting for new plaintiffs simply to keep their class action claims timely. Nothing in Supreme Court or First Circuit precedent suggests that is permissible.

Plaintiffs' reply brief in support of their motion for summary judgment (Docket # 40) omits any mention of the statute of limitations. Plaintiffs did move to strike defendant's cross-motion for summary judgment as untimely (Docket # 41). I denied that motion and gave plaintiffs until March 25, 2014, to file an opposition to defendant's cross-motion (Docket # 44). Plaintiffs have filed nothing. Therefore, for lack of opposition and on the merits, defendant's motion for summary judgment is allowed.

### C.   Conversion

Conversion, a tort, is subject to a three-year statute of limitations. Mass. Gen. L. ch. 260 § 2A. Again, the cause of action accrued when plaintiffs received the fax. But plaintiffs waited until January 28, 2010, to file their action in state court and even longer to file the present action. Docket # 39-1. Therefore, plaintiffs' conversion claim is barred.

## IV.   Conclusion

Plaintiffs' motion for an order approving the dissemination of class notice and setting an opt-out date (Docket # 35) is DENIED. Plaintiffs' motion for summary judgment (Docket # 37) is DENIED. Defendant's cross-motion for summary judgment

---

certifiable under Rule 23." <u>Sawyer</u>, 642 F.3d at 564. The First Circuit has not drawn this distinction. I also note that the superior court denied class certification because it doubted West Concord's ability to represent the class, <u>but also</u> because common facts did not predominate and a class action was not superior to individual claim resolution. <u>West Concord</u>, 2013 WL 988621 at *5-*7.

(Docket # 39) is ALLOWED.  Judgment may be entered for defendant.

|  |  |
|---|---|
|    May 22, 2014    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |